IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN MARTINEZ, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ELITE REALTY GROUP, INC.. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Jonathan Martinez ("Plaintiff" or "Martinez"), and files this Complaint against Defendant Elite Realty Group, Inc. ("Defendant" or "Elite Realty"), and shows the following:

### **I.   Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated minimum and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Elite Realty Group, Inc. is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant, for several stints of employment, during the period of July 1, 2012 through May 23, 2015. In particular, Plaintiff worked for Defendant from approximately July - November 2012; January 2013 – January 2014; and February – May 2015.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Within the last three years, Plaintiff was employed by Defendant as a construction laborer, primarily performing painting, wall repair, and residential rehabilitations for Defendant.

9.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

10.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year, including in 2013, 2014, and 2015.

11.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

12.

During the last three years, Defendant maintained a policy of misclassifying Plaintiff as an "independent contractor."

13.

During the last three years, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendant.

14.

The manual labor involved in Plaintiff's construction laborer position for Defendant did not require specialized skill.

15.

During his employment with Defendant, Plaintiff regularly worked substantially in excess of 40 hours each week and he was economically dependent on Defendant.

16.

During the last three years, Defendant paid Plaintiff on an hourly basis without paying overtime compensation, calculated at one and one half times Plaintiff's regular rate, for hours Plaintiff worked in excess of 40 in workweeks. Rather than pay Plaintiff overtime compensation, Defendant paid Plaintiff his straight time rate for overtime hours.

17.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

Throughout his employment with Defendant, Plaintiff was treated as an independent contractor by Defendant.

20.

Throughout his employment with Defendant, Plaintiff had no opportunity for profit and loss in his employment with Defendant, as he was simply paid an hourly wage for work assigned to him by Defendant.

## Count I

### Violation of the Minimum and Overtime Wage Requirements of the Fair Labor Standards Act

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay the applicable minimum and overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

23.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek. The FLSA requires employers to pay a direct minimum wage for all hours worked.

24.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation, and routinely failed to provide Plaintiff the applicable minimum wage for his hours worked.

25.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required minimum wage and overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff and the applicable minimum wage and overtime compensation in violation of the FLSA.

27.

Defendant's violations of the minimum wage and overtime provisions of the FLSA were willful and in bad faith.

28.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid minimum and overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred

in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid minimum and overtime wages pursuant to the FLSA, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 25th day of January, 2016.

                                **BARRETT & FARAHANY, LLP**

                                <u>/s/ V. Severin Roberts</u>
                                Amanda A. Farahany
                                Georgia Bar No. 646135
                                V. Severin Roberts
                                Georgia Bar No. 940504
                                Attorneys for Plaintiff Jonathan Martinez

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile